IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION FILE |
| MAURICE ANTIONIO KENT, | NO. 4:17-CR-0039-JPB-WEJ |
| Defendant. | |

# NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on defendant Maurice Antonio Kent's Motion to Dismiss Counts One and Two for Lack of Specificity and Failure to State an Offense [262]. For the reasons stated below, the Court **RECOMMENDS** that said Motion be **DENIED**.

In the instant motion, Mr. Kent asks the Court to dismiss Counts One and Two of the First Superseding Indictment on the basis they lack specificity and fail to state an offense. (Def. Mot. Dismiss 1.) Mr. Kent contends that the language of Counts One and Two fails to inform him of what specifically he is charged with and fails to state his alleged offenses with sufficient particularity. (See generally id.)

I.   **LEGAL STANDARDS**

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant may move to dismiss a count for "lack of specificity" and "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(iii), (v).  The Court must then determine whether "the factual allegations in the indictment, when viewed in the light most favorable to the government, [are] sufficient to charge the offense[s] as a matter of law."  United States v. deVegter, 198 F.3d 1324, 1327 (11th Cir. 1999). An indictment is considered legally sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution of the same offense."  United States v. Schmitz, 634 F.3d 1247, 1259 (11th Cir. 2011).  In making this determination, the Court must take the allegations in the indictment as true.  United States v. Plummer, 221 F.3d 1298, 1302 (11th Cir. 2000).

"'The sufficiency of a criminal indictment is determined on its face.'" United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) (quoting United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992)).  Each count of an indictment must be regarded as if it were a separate indictment and must stand on its own content without dependence for its validity on the allegations of any other count

not expressly incorporated.  <u>Schmitz</u>, 634 F.3d at 1261.  Nevertheless, the factual allegations of one count can inform the meaning of factual allegations in another count.  <u>Id.</u> at 1263 n.10.

In addition, an indictment "must contain the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet."  <u>United States v. Bobo</u>, 344 F.3d 1076, 1083 (11th Cir. 2003) (internal quotation marks omitted).  If an indictment tracks the language of the statute, it must be accompanied with a statement of facts and circumstances that will inform the accused of the specific offense, coming under the general description, with which he is charged.  <u>United States v. Sharpe</u>, 438 F.3d 1257, 1263 (11th Cir. 2006).  Nonetheless, "[i]t is not necessary for an indictment . . . to allege in detail the factual proof that will be relied upon to support the charges.  That information, if essential to the defense, can be obtained by a motion of a bill of particulars."  <u>Id.</u> at 1263 n.3.  "If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge."  <u>United States v. Fern</u>, 155 F.3d 1318, 1325 (11th Cir. 1998) (citations omitted).

## II.   ANALYSIS

In this case, Counts One and Two charge defendant with assault with a dangerous weapon in aid of racketeering (i.e. "VICAR assault") in violation of 18 U.S.C. § 1959(a)(3).  Counts One and Two begin by describing the "Enterprise" as follows:

> At all times relevant to this Count of this Indictment, there existed in the Northern District of Georgia, and elsewhere, an organization, namely, the 135 PIRUS. The 135 PIRUS, including its leaders, members and associates, constituted an enterprise, as defined by Title 18, United States Code, Section 1959(b)(2); that is, a group of individuals associated-in-fact, which engaged in and the activities of which affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

(First Superseding Indictment ("FSI") [24] 1-2.)  Count One further details the history, background, hierarchy, rules, coded communication, and purpose of the 135 PIRUS.  (Id. at 1-7.)  It goes on to allege that the 135 PIRUS, "through its members and associates, engaged in racketeering activity as defined in [§§] 1959(b)(1) and 1961(1), of [18 U.S.C.] including acts involving murder, attempted murder, and robbery, all in violation of Georgia law; and offenses involving dealing in controlled substances, in violation of [21 U.S.C. §§ 841, 846]." (FSI 8.) Count One concludes by alleging that

4

> [o]n or about May 3, 2017, in the Northern District of Georgia, the defendant MAURICE ANTONIO KENT, a.k.a. "Savage Duze," did knowingly and unlawfully assault S.M. with a dangerous weapon, in violation of [O.C.G.A. § 16-5-21] (aggravated assault with a deadly weapon), for the purpose of maintaining and increasing position in the 135 PIRUS, an enterprise engaged in racketeering activity. [] All in violation of [18 U.S.C. § 1959(a)(3)].

(FSI 8.) Count Two incorporates the allegations comprising Count One but identifies a different assault victim (C.S.) (Id. at 9.) The language of both Counts One and Two refer to the statute on which the charge was based: 18 U.S.C. § 1959(a)(3). Thus, the indictment need only track the language of the statute in order to adequately inform the defendant of the charge. See Fern, 155 F.3d at 1325.

The Court finds that Counts One and Two are legally sufficient. First, Count One describes the 135 PIRUS as "a group of individual associated-in-fact, which engaged in the activities of which affected interstate and foreign commerce." This language mirrors 18 U.S.C. § 1959(b)(2). See 18 U.S.C. § 1959(b)(2) (defining "enterprise" to include individuals associated in fact whose activities affect interstate or foreign commerce). Likewise, the language of Count One alleges the elements of the charged offense. The elements of a substantive VICAR offense, such as the assault defendant is charged with in this case are: (1) that an enterprise existed that engaged in racketeering activity, (2) that the enterprise affected interstate or foreign commerce, (3) that the defendant committed the alleged crime

of violence in violation of either federal or state law, and (4) that the defendant's general purpose in doing so was to maintain or increase his position in the enterprise.  See United States v. Mills, 378 F. Supp. 3d 563, 575-76 (E.D. Mich. 2019); United States v. Concepcion, 983 F.2d 369, 381 (2d Cir. 1992).  Count One alleges the existence of an enterprise (the 135 PIRUS) engaged in racketeering activity and that their affairs affected interstate commerce.  (FSI 1.)  Count One additionally alleges that defendant committed an aggravated assault with a deadly weapon (a crime of violence) in violation of state law, namely O.C.G.A. § 16-5-21, and that defendant's conduct was committed to increase or maintain his standing in the 135 PIRUS.  (Id. at 8.)  Count Two expressly incorporates the paragraphs comprising Count One (id. at 9), and names a different victim of defendant's assault with a deadly weapon.  Thus, Counts One and Two are legally sufficient because they track the referenced statutory language.

Finally, Counts One and Two "notify the accused of the charges to be defended against," Schmitz, 634 F.3d at 1259, by informing defendant that he allegedly used a deadly weapon to commit an assault for the purpose of maintaining and increasing his position in the 135 PIRUS.  Thus, because Counts One and Two specifically refer to the statute on which the charge is based, track the statutory language, and apprise defendant of the charges to be defended against, they are

sufficient as a matter of law. Accordingly, the Motion to Dismiss must be **DENIED**.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss [262] be **DENIED**.

**SO RECOMMENDED**, this 25th day of October, 2019.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE