UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MAURICE ANTONIO KENT,<br><br>Defendant. | CRIMINAL ACTION NO.<br>4:17-CR-00039-06-JPB |

**ORDER ADOPTING NON-FINAL REPORT AND RECOMMENDATION**

This matter comes before the Court on the Magistrate Judge's Non-Final Report and Recommendation [Doc. 280].  This Court finds as follows:

PROCEDURAL HISTORY

On October 2, 2019, Defendant Maurice Antonio Kent ("Defendant Kent"), who is one of six defendants charged in the nine-count indictment, moved to dismiss Counts One and Two of the indictment for lack of specificity and failure to state an offense.  [Doc. 262].  In those counts, Defendant Kent is charged with Assault with a Dangerous Weapon in Aid of Racketeering in violation of 18 U.S.C. § 1959.[1]  The motion was subsequently submitted to the Magistrate Judge for a

---

[1] 18 U.S.C. § 1959 is titled "Violent crimes in aid of racketeering activity" ("VICAR").

recommendation.  The Magistrate Judge determined that the indictment was legally sufficient, and therefore recommended denying Defendant Kent's motion.  [Doc. 280].

## ANALYSIS

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard.  See also Fed R. Crim. Pro. 59(b)(3).

Defendant Kent timely filed his Objections to the Magistrate Judge's Report and Recommendation on November 8, 2019.  [Doc. 292].  Defendant Kent contends that the Magistrate Judge erred in his recommendation because the indictment fails to adequately allege Defendant Kent's involvement with the 135 PIRUS gang.  Defendant Kent explains that the indictment does not detail his role in the hierarchy or whether he uses gang terms or participates in rituals.  Defendant Kent further argues that the indictment is deficient because it does not specifically identify the racketeering activity.   In other words, although the indictment

identifies the racketeering activity as murder, attempted murder and robbery, the indictment does not identify a specific murder, attempted murder or robbery.

Generally, for an indictment to be valid, "it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006). Even if an indictment follows the language of the statute, an indictment not framed to apprise the defendant with reasonable certainty of the nature of the accusation against him is defective. Id. Moreover, if the indictment tracks the language of the statute, the indictment "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Id.

After review, this Court finds that the indictment contains the elements of the offense charged and sufficiently apprises Defendant Kent of what he must be prepared to meet. Notably, although Defendant Kent argues that the Magistrate Judge erred, Defendant Kent presented no authority supporting the argument that to sufficiently plead a VICAR violation, the indictment must specifically identify the racketeering activity the enterprise is engaged in or the names of individuals associated with the enterprise.

The elements of a substantive VICAR offense are as follows: (1) that an enterprise existed that engaged in racketeering activity; (2) that the enterprise affected interstate or foreign commerce; (3) that the defendant committed the alleged crime of violence in violation of either federal or state law; and (4) that the defendant's general purpose in doing so was to maintain or increase his position in the enterprise. See United States v. Mills, 378 F. Supp. 3d 563, 575-76 (E.D. Mich. 2019). Here, the indictment alleges the existence of an enterprise (the 135 PIRUS gang). The indictment further alleged that the 135 PIRUS gang engaged in racketeering activity (murder, attempted murder and robbery) that affected interstate commerce. "The indictment need not . . . address each constituent aspect of an enterprise that must be proven as if it were a discrete element of the offense; the elements (loosely speaking) of an enterprise are not elements of . . . VICAR." United States v. Weaver, Criminal Action No. 2:09-cr-00222, 2010 WL 1633319, at *2 (S.D. W.V. Apr. 20, 2010). Because "[t]he same principle applies to the racketeering activity element," this Court finds that the indictment is adequate even if it does not allege a specific murder, attempted murder or robbery. See id. This Court further finds that the indictment additionally alleged that Defendant Kent committed an aggravated assault with a deadly weapon and that Defendant Kent's

conduct was committed to increase or maintain his standing in the 135 PIRUS gang.

After review, this Court discerns no error in the Magistrate Judge's finding that the indictment tracks the statutory language and fully apprises Defendant Kent of the charges to be defended against, and therefore Defendant's objection is OVERRULED.

## CONCLUSION

After consideration of the Non-Final Report and Recommendation and Defendant Kent's objections, the Court APPROVES AND ADOPTS the Non-Final Report and Recommendation [Doc. 280] as the opinion of the Court. For the reasons stated in the Non-Final Report and Recommendation, Defendant Kent's Motion to Dismiss Count One and Two for Lack of Specificity and Failure to State an Offense [Doc. 262] is DENIED.

**SO ORDERED** this 2nd day of June, 2020.

_____
J. P. BOULEE
United States District Judge