**FILED IN CHAMBERS**
**U.S.D.C. ROME**

Date:   Oct 29 2020
JAMES N. HATTEN, Clerk

By:   s/Kari Butler

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION FILE |
| v. | NO. 4:17-CR-0039-JPB-WEJ |
| MAURICE ANTONIO KENT, et al., | **Defendants Maurice Kent, Nwanjoku, Sams, and Davis** |
| Defendants. | |

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Maurice Kent's "Motion to Strike 'Notice of Enhanced Sentencing.'" [437]. Defendants Christopher Nwanjoku [440], Cedric Sams [442], and Gary Terrell Davis [448] filed Motions to Adopt Mr. Kent's Motion, which are **GRANTED**. Thus, this Non-Final Report and Recommendation applies to those three defendants as well. For the reasons stated below, the undersigned **RECOMMENDS** that Mr. Kent's Motion [437] be **DENIED**.

## I.   BACKGROUND

On June 23, 2020, the Grand Jury returned a nine count Second Superseding Indictment [359] against numerous defendants. Count One alleges a Racketeer Influenced and Corrupt Organizations ("RICO") Act conspiracy

against, <u>inter alia</u>, defendants Kent, Nwanjoku, Sams, and Davis in violation of 18 U.S.C. § 1962(d).  It alleges the background of the 135 PIRU conspiracy (Second Supr. Indict [359] ¶¶ 1-12), the enterprise (<u>id.</u> ¶ 13), its purpose (<u>id.</u> ¶ 14), the racketeering conspiracy (<u>id.</u> ¶ 15), and the conspiracy's manner and means (<u>id.</u> ¶ 16).  It then lists 63 overt acts committed in furtherance of the alleged conspiracy, including two murders.  (<u>Id.</u> at pp. 12-23.)   Count One concludes with the following language:

### Notice of Enhanced Sentencing

The following defendants joined and remained in the RICO conspiracy charged in Count One knowing and agreeing that members and associates of the enterprise would engage in acts of murder, in violation of Official Code of Georgia 16-5-1 that is, causing the death of another human being with malice aforethought or causing the death of another human being irrespective of malice in the commission of a felony:

MAURICE ANTONIO KENT,
a/k/a "Savage Duze,"
CHRISTOPHER NWANJOKU,
a/k/a "Problem,"
CEDRIC SAMS, JR.,
a/k/a "Awall,"
MICHAEL KENT,
a/k/a "Wikked," and
GARY TERRELL DAVIS,
a/k/a "Bhody."

All in violation of Title 18, United States Code, Sections 1962(d) and 1963(a).

(<u>Id.</u> at p. 24.)

2

The two code sections of Title 18 listed in the Notice are, of course, Section 1962(d) and Section 1963(a).  Section 1962(d) provides that it "shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section."   18 U.S.C. § 1962(d).[1]  To establish a RICO conspiracy under Section 1962(d), the government must prove that the defendant "objectively manifested, through words or actions, an agreement to participate in the conduct of the affairs of the enterprise through the commission of two or more predicate crimes."  United States v. Russo, 796 F.2d 1443, 1455 (11th Cir. 1986). "The focus is on the agreement to participate in the enterprise through the pattern of racketeering activity, not on the agreement to commit the individual predicate acts."  United States v. Starrett, 55 F.3d 1525, 1543 (11th Cir. 1995); see also United States v. Glecier, 923 F.2d 496, 500 (7th Cir. 1991) ("Neither overt acts

_____

[1] Subsections (a)-(c) of Section 1962 outlaw (a) the use of income derived from a "pattern of racketeering activity" to acquire an interest in or establish an enterprise engaged in or affecting interstate commerce; (b) the acquisition or maintenance of any interest in an enterprise "through" a pattern of racketeering activity; and (c) conducting or participating in the conduct of an enterprise through a pattern of racketeering activity.  18 U.S.C. § 1962(a)-(c).  A "pattern of racketeering activity" requires at least two acts of racketeering activity.  18 U.S.C. § § 1961(5).  "Racketeering activity" has numerus definitions under RICO, including, "any act or threat involving murder . . . which is chargeable under State law."  Id. § 1961(1).

3

nor specific predicate acts that the defendant agreed personally to commit need be alleged or proved for a section 1962(d) offense.") (citations omitted).  The parties agree that the government does not have to prove that the defendant actually committed any particular racketeering activity to be convicted of a Section 1962(d) conspiracy.  (Def.'s Mot. [437] 6; Gov't Resp. [445] 8.)

Section 1963(a) provides that "[w]hoever violates any provision of section 1962 of this chapter shall be fined under this title or imprisoned not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment), or both."  18 U.S.C. § 1963(a). As recognized in this Circuit, "Life sentences are expressly permitted for RICO conspiracy."  United States v. Flores, 572 F.3d 1254, 1268 (11th Cir. 2009).

Defendant asks the Court to strike the Notice of Enhanced Sentencing from the Second Superseding Indictment.  He agrees that the sentencing enhancement of Section 1963(a) can apply to a substantive RICO conviction.  However, he argues that, post-Apprendi,[2] the sentencing enhancement cannot apply to a RICO

---

[2] Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt").

4

conspiracy conviction.  Defendant asserts that the government cannot convert a RICO conspiracy into what he calls an "aggravated RICO conspiracy," which carries a potential life sentence, simply by proving a fact that is not an element of the statutory offense alleged in the Second Superseding Indictment.[3]

The government disagrees, arguing, inter alia, that nothing in the plain language of Section 1963(a) requires that a defendant commit a specific racketeering activity in order to increase the statutory maximum, and that courts have consistently applied this enhanced penalty to defendants convicted of a RICO conspiracy when the underlying racketeering activity carries a statutory maximum of life imprisonment.  The government further contends that Congress intended Section 1963(a) to be read broadly and liberally construed.  Finally, the government asserts that use of a special verdict form at trial (see, e.g., Gov't Ex. 1 [445-1]) will assure that any sentence imposed in excess of twenty years will satisfy Apprendi.

_____

[3] Defendant apparently obtained the phrase "aggravated RICO conspiracy" from United States v. Green, 969 F.3d 1194, 1202 (11th Cir. 2020).  The government has not used that phrase to describe what it has charged here.  The Court agrees with the government that Green, which held that RICO conspiracy does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3), id. at 1201-02, is irrelevant here.

## II.   <u>DISCUSSION</u>

Defendant seeks to *strike* language from the Second Superseding Indictment.  The only Federal Rule of Criminal Procedure that gives the Court authority to do so is Rule 7(d), which provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment."  Fed. R. Crim. P. 7(d).  "Surplusage is defined as 'immaterial or irrelevant allegations in an indictment . . . which may, however, be prejudicial.'"  <u>United States v. Hernandez</u>, No. 1:02-CR-730-BBM-AJB, 2006 WL 8453535, at *5 (N.D. Ga. May 9, 2006) (quoting Advisory Committee's Note, Fed. R. Crim. P. 7(d)).

A motion to strike surplusage from an indictment should not be granted "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. . . .  [T]his is a most 'exacting standard.'"  <u>United States v. Awan</u>, 966 F.2d 1415, 1426 (11th Cir. 1992) (quoting <u>United States v. Huppert</u>, 917 F.2d 507, 511 (11th Cir. 1990)).  "[E]ven when prejudice can be shown, the Court should not strike the information contained in the indictment if it is relevant to the charged offense."  <u>United States v. Williams</u>, No. 07-80179-

CR, 2008 WL 4867748, at *3 (S.D. Fla. Nov. 10, 2008) (citing United States v. Scarpa, 913 F.2d 993, 1013 (2nd Cir. 1990)).[4]

Defendant's argument that his sentence cannot be enhanced up to life in prison following conviction for a RICO conspiracy is not well taken. See Flores, 572 F.3d at 1268 ("Life sentences are expressly permitted for RICO conspiracy."). That being the case, "the notice of enhanced sentencing is relevant to the RICO conspiracy charge." United States v. Sadiki-Yisrael, No. 1:16-CR-145-TWT-JKL-3, 2018 WL 5091914, at *10 (N.D. Ga. May 24, 2018), R&R adopted, 2018 WL 5085687 (N.D. Ga. Oct. 18, 2018); see also United States v. Perry, No. 16-20062, 2017 WL 1364083, at *4-5 (E.D. Mich. Apr. 7, 2017) (denying motion to strike enhanced sentencing given government's argument that the notice was relevant because the acts alleged could increase the penalty for the crime beyond its prescribed statutory maximum, and that under Apprendi, facts supporting those acts had to be submitted to a jury using a special verdict form and proved beyond a reasonable doubt); United States v. Colbert, 08-cr-411, 2011 WL

---

[4] A court may reserve ruling on a motion to strike until it has heard evidence that will establish the relevance of the alleged surplusage. United States v. Aydin, No. 1:12-CR-221-2-ODE, 2015 WL 927666, at *20 (N.D. Ga. Mar. 3, 2015). Because defendant's Motion raises a legal issue, the undersigned need not defer this Motion to the District Judge to hear evidence before it can be decided.

3360112, at *4 (W.D. Pa. Aug. 3, 2011) (refusing to strike sentencing factors because "the government was required to include the special sentencing factor in the Superseding Indictment, and must submit it to the jury and prove it beyond a reasonable doubt, in order to increase the statutory maximum penalty from not more than 20 years' imprisonment to a maximum of life imprisonment").

Given the relevance of the enhanced sentencing language—indeed, its necessity to satisfy Apprendi—this Court has no basis to recommend that it be stricken from the Second Superseding Indictment.  See Awan, 966 F.2d at 1426 (motion to strike surplusage should not be granted unless it is clear that the allegations are not relevant to the charge).

## III.   CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that Defendant's Motion to Strike [437] be **DENIED**.

**SO RECOMMENDED**, this 29th day of October, 2020.

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

8