UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAURICE ANTONIO KENT *et al.*,<br><br>Defendants. | CIVIL ACTION NO.<br>4:17-cr-00039-JPB |

# ORDER

Before the Court is the Magistrate Judge's Non-Final Report and Recommendation ("Report") on Defendant Maurice Kent's ("Kent") Motion to Strike "Notice of Enhanced Sentencing" ("Motion").[1] ECF No. 452. Having reviewed and fully considered the Report and related filings, the Court finds as follows:

## I.   BACKGROUND

Kent and his co-defendants are detained pending trial on charges related to a RICO conspiracy under 18 U.S.C. § 1962(d). The underlying factual allegations include membership in a gang and the murder of two people. The indictment set forth a "Notice of Enhanced Sentencing" ("Notice"), which notified the defendants

---

[1] Kent's co-defendants Christopher Nwanjoku, Cedric Sams, Jr. and Gary Terrell Davis joined in the Motion.

that the Government intended to seek an enhanced sentence of life imprisonment under 18 U.S.C. § 1963(a).  This section of the statute provides that "[w]hoever violates any provision of section 1962 . . . shall be fined . . . or imprisoned not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment), or both."  18 U.S.C. § 1963(a).

Kent moves to strike the Notice on the grounds that under "*Apprendi v. New Jersey*[, 530 U.S. 466 (2000)], the statutory penalty for an offense can only be increased if an element of the offense is pled in the indictment and found by a jury beyond a reasonable doubt."  Kent argues that because a jury can convict him of a conspiracy (an agreement to participate in the enterprise) without reaching the issue of his culpability for the predicate crimes (murder), there will be no opportunity for the jury to find the facts necessary to prove the predicate crimes, and the sentencing enhancement will therefore be unsupported by the record.

Citing *United States v. Green*, 969 F.3d 1194 (11th Cir. 2020), Kent further argues that because the elements of murder are not the same as the elements of a RICO conspiracy, allowing the Government to prove the additional facts of the murders at trial and seek a sentence enhancement on that basis would result in his

prosecution for an elevated "aggravated RICO conspiracy" crime that is not set forth in the RICO statute.

The Government responds that the Notice is appropriate because murder is punishable by a life sentence under Georgia law and such punishment is sufficient to trigger the enhanced sentencing provision under § 1963(a). The Government cites a number of cases in which courts around the country have affirmed life sentences for a RICO conspiracy under § 1963(a), including *United States v. Flores*, 572 F.3d 1254, 1268 (11th Cir. 2009), which expressly stated that "[l]ife sentences are expressly permitted for RICO conspiracy." The Government also cites the legislative history of § 1963(a), wherein the Senate Judiciary Committee remarked that "[t]he penalty under RICO is raised to life imprisonment" where "the maximum penalty for one of the underlying predicate acts of racketeering is life in prison."

Further, the Government argues that language in an indictment may be stricken under Federal Rule of Criminal Procedure 7(d) only if it is "surplusage," and the Notice cannot be considered surplusage or stricken under Rule 7(d) because it is relevant to sentencing under § 1963(a).

With respect to Kent's argument under *Apprendi*, the Government asserts that the use of a special verdict form at trial will address Kent's concerns because it

will ensure that the jury makes the specific factual findings necessary for an enhanced sentence. The Government points out that the special verdict form procedure has been used in recent RICO trials in this district.

Finally, the Government asserts that *Green* is inapposite here because it relates to a different statute (18 U.S.C. § 924(c)) and a different issue of whether a RICO conspiracy qualifies as a crime of violence.

The Report recommends denying Kent's Motion on the grounds that the Notice is relevant and is not surplusage given that life sentences are expressly permitted by § 1963(a). Like the Government, the Report concluded that *Green* is not applicable in this case because it deals with a different statute, and the Government has not charged or even referred to an "aggravated RICO conspiracy crime" here.

Kent objects to the Report because he argues that (i) the Eleventh Circuit's statement in *Flores* that life sentences are expressly permitted for a RICO conspiracy is merely *dicta*; and (ii) the Report misapprehends the relevance of *Green* and improperly interprets the RICO statute as providing for an aggravated RICO conspiracy crime that is not set forth in the statute.[2]

---

[2] Defendants Christopher Nwanjoku, Cedric Sams, Jr. and Gary Terrell Davis move to join in Kent's objections to the Report. ECF Nos. 456-58. For good cause shown, their motions are **GRANTED**.

## II. DISCUSSION

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any portion to which there is no objection under a "clearly erroneous" standard. *See also* Fed R. Crim. Pro. 59(b)(3).

A party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009).

As an initial matter, the Court disagrees with Kent that *Flores* is not applicable here. While it is true that the defendant in that case challenged his sentence on Eighth Amendment grounds and not due to the §1963(a) enhancement, the court's affirmance of the sentence was based in part on its specific finding that "[l]ife sentences are expressly permitted for RICO conspiracy" under §1963(a). At

a minimum, that statement (even if it is not the holding of the opinion) is a recognition by the court that § 1963(a) does authorize a life sentence enhancement when the predicate crime carries such a punishment. *Flores*, 572 F.3d at 1268.

Likewise, the Court disagrees that the Report misapprehends the relevance of *Green* to this case. *Green* does not involve a sentence enhancement under § 1963(a) and rather concerns the issue of whether a RICO conspiracy can be considered a crime of violence for the purposes of 18 U.S.C. § 924(c). *Green*, 981 F.3d at 952. That question is not at issue here, and there is no charge of an "aggravated RICO conspiracy." The issue here is simply whether the defendants' sentences may be enhanced to life imprisonment pursuant to § 1963(a). The statute clearly permits such an enhancement. Accordingly, *Green* is inapposite.

For these reasons and after due consideration of the Report and the related filings, the Court finds that the Report was correct in concluding that the Notice is relevant and is not surplusage to be stricken under Rule 7(B). As such, the Court **APPROVES** and **ADOPTS** the Report (ECF No. 452) as its opinion, and Kent's Motion to Strike (ECF No. 437) is **DENIED**.

**SO ORDERED** this 22nd day of January, 2021.

J. P. BOULEE
United States District Judge