UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAURICE ANTONIO KENT *et al.*,<br><br>Defendants. | CIVIL ACTION NO.<br>4:17-cr-00039-JPB |

## ORDER

Before the Court are Defendant Michael Kent's ("Kent") Motion for Review of Order Denying Motion for Bond ("Motion for Review") (ECF No. 339) and the Magistrate Judge's Final Report and Recommendation ("Report") on Kent's Motion to Dismiss ("Motion to Dismiss").  ECF No. 354.  The Court finds as follows:

**I.     Motion for Review**

**A.     Background**

Defendant Kent is detained pending trial on charges related to an alleged RICO conspiracy.  In the first superseding indictment filed on March 21, 2018, Kent was charged with Conspiracy to Obstruct Justice, and the indictment alleged, among other things, that Kent conspired

to use physical force and the threat of physical force . . . with the intent to cause and induce [a witness] to withhold testimony from an official proceeding and to . . . corruptly alter, destroy [or] conceal a record . . . with the intent to impair the object's integrity and availability for use in an official proceeding.

On April 23, 2018, the magistrate judge ordered Kent detained pending trial (the "Detention Order").  The Detention Order found that the weight of the evidence against Kent was "strong" and that

[g]iven significant evidence regarding [his] [involvement] in silencing persons believed to be informants, and given the potential for harm to others who may cooperate in the investigation or to defendants who may plead in exchange for agreements to testify [against] other defendants, . . . [Kent] [was] a danger to the community and that no conditions or combination of conditions could reduce that risk.

The order specifically found that the Government had proven "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community."  The Detention Order was entered on United States Courts Form Number AO 472, which allows the magistrate judge to check a box indicating whether the order was entered pursuant to 18 U.S.C. § 3142(f)(1) (detention based on specified offenses) or (f)(2) (detention based on flight risk or danger to the community).

Kent subsequently filed a Motion for Bond and Review of Detention Order ("Motion for Bond").  In the motion, Kent argued that the following new material information necessitated review of the order:  (i) Kent "presumed" his sentencing

2

guideline would be calculated to range between twenty-four and thirty months, "assuming no other enhancement facts which would cause other guidelines to apply," and argued that continued detention was prejudicial because he had been incarcerated for more than twenty-four months pending trial; (ii) he asserted he was in danger of exposure to the COVID-19 virus while incarcerated; and (iii) he argued that his detention was not authorized because the Court did not check the correct section of the statute on the Detention Order.

The Government responded that the reasons Kent cited in his Motion for Bond did not support reopening of his detention hearing but that, in any event, Kent's continued detention was appropriate based on the allegations of witness intimidation and tampering and the accompanying danger to witnesses and the community.

Additionally, the Government challenged the accuracy of Kent's "hypothetical" sentencing guideline calculation, arguing that "an upward variance or departure would be warranted based on [Kent's] role in the murder."

Finally, the Government pointed out that Kent asserted only a generalized risk of contracting COVID-19 and that his jail had not reported any known cases of the virus and was taking significant steps to combat the spread of the disease.

The magistrate judge ultimately denied Kent's Motion for Bond. In his order, the magistrate judge explained that neither the presumed sentencing guideline calculation nor the alleged COVID-19 risk presented a compelling reason to revisit the Detention Order. Notwithstanding this finding, the magistrate judge underscored that the underlying rationale for Kent's detention had not changed. He further reasoned that regardless of which party's sentencing hypothesis was correct, a discussion of a potential sentence at this stage of the case was too speculative. He also noted that Kent had provided no evidence that the protocols in place at the Floyd County Jail were insufficient to contain the spread of the Covid-19 virus.

In the instant Motion for Review of the magistrate judge's order denying his Motion for Bond, Kent repeats the arguments he presented to the magistrate judge.[1]

**B.     Analysis**

Under 18 U.S.C. § 3145(b), "a person [who] is ordered detained by a magistrate judge . . . may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." *See also United*

---

[1] While Kent's Motion for Review was pending, the Government filed a second superseding indictment on June 23, 2020, which charged Kent with a RICO conspiracy related to membership in a gang and the murder of two people.

*States v. King*, 849 F.2d 485, 490 (11th Cir. 1988) ("Pursuant to 18 U.S.C. § 3145, following a magistrate's order that a detainee be held without bond pending trial, the detainee may move the district court to revoke or amend the magistrate's pretrial detention order.").

> [B]ased solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct. The court may then explicitly adopt the magistrate's pretrial detention order. Adoption of the order obviates the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention.

*Id*.

The Court has carefully reviewed the pleadings and the evidence in this case, including the Detention Order, Kent's Motion for Bond and the respective briefs, and finds that the magistrate judge's factual findings are supported by the record and that his legal conclusions are correct. The first superseding indictment, which was in place at the time Kent filed his Motion for Bond, alleged, among other things, that Kent used physical force and the threat of physical force to intimidate a witness. This offense squares with 18 U.S.C. § 3142(f)(2)(B), which authorizes the Court to hold a detention hearing in a case where there is "a serious risk that [the defendant] will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or

juror." Indeed, the Detention Order was expressly tied to the "weight of the evidence" against Kent relating to his involvement "in silencing persons believed to be informants."

Kent's argument that his detention is not authorized because the magistrate judge inadvertently checked 18 U.S.C. § 3142(f)(1) (detention based on specified offenses) instead of (f)(2) (detention based on flight risk or danger to the community) on the form Detention Order lacks merit. The Government's motion asserted that detention is necessary in Kent's case because there is "[a] serious risk that [Kent] will flee; [a] serious risk that [Kent] will obstruct or attempt to obstruct justice; [and a] serious risk that [Kent] will threaten, injure, or intimidate a prospective witness or juror, or attempt to do so." The motion further argued that "there are no conditions of release that will reasonably assure the appearance of [Kent] as required and the safety of any other person and the community." Therefore, it is obvious that the Government's motion was brought pursuant to § 3142(f)(2), which is the appropriate statute in this case.[2]

Moreover, Kent, himself, acknowledges that the Detention Order "does mention that [the magistrate judge] believe[d] that [Kent] was a threat to other witnesses or defendants." Thus, the Court is not persuaded by Kent's argument

---

[2] The Government cited 18 U.S.C §§ 3142(e) and (f) as authority for its motion.

that the Detention Order should be overturned based on what is clearly a transposition error on a form document.

Importantly, Kent has not provided any evidence that would rebut the magistrate judge's factual findings that he would be a danger to witnesses and the community if released. Neither a speculative calculation of Kent's "presumed" sentence nor a generalized risk of possible exposure to COVID-19 support a modification of the Detention Order.

For these reasons, the Court finds that the magistrate judge's Detention Order was appropriate and **ADOPTS** it as the order of the Court.[3] The Clerk is **DIRECTED** to terminate Kent's Motion for Review (ECF No. 339).

### II. Motion to Dismiss

#### A. Background

Kent seeks to dismiss the charges against him for violation of the Speedy Trial Act ("STA") (18 U.S.C. § 3161) and the Sixth Amendment and pursuant to Federal Rule of Criminal Procedure 48(b)(3). In his motion, Kent contends that the Government has failed to try the case within seventy days as required by the STA. Kent argues that the time period following the Government's August 1,

---

[3] Although not a basis for adopting the magistrate judge's Detention Order, the facts alleged in the second superseding indictment further support the magistrate judge's findings here.

2018 deadline to advise regarding the death penalty, which is excluded from the speedy trial clock, should be included in light of the Government's almost one-year delay in providing such notification. He additionally argues that the nearly fourteen-month waiting period since his indictment is "presumptively prejudicial" and that such delay and the corresponding time spent incarcerated have caused him to suffer depression and other injuries.

The Government responds that Kent's Motion to Dismiss should be denied because it has been diligent in prosecuting this matter, and the delays experienced are not outside the norm for this type of case.

Additionally, the Government contends that the speedy trial clock was tolled by (i) this Court's March 29, 2018 order, which granted a continuance because "the ends of justice . . . 'outweigh the best interest of the public and the defendant in a speedy trial'" ("March 2018 Order"); and (ii) this Court's general orders entered in light of the Covid-19 pandemic finding the same ("Covid-19 General Orders").

Finally, the Government contends that "[s]ituation depression is an unfortunate but not surprising result of [Kent's] plight" and that such illness "is not sufficient to carry [Kent's] burden of [showing] actual prejudice."

Noting that Kent did not challenge the substance of the March 2018 Order, the Report recommends denying Kent's STA claim because there is no violation

when the time periods excluded pursuant to the March 2018 Order and the Covid-19 General Orders are considered.[4]

The Report also recommends dismissing Kent's Sixth Amendment claim because it found that he has not met his burden to show (as required by *Barker v. Wingo*, 407 U.S. 514 (1972)) that the length of delay, reason for the delay and assertion of the speedy trial right weigh heavily against the Government and that he has suffered actual prejudice as a result of the delay. Like the Government, the Report points out that the amount of time the matter has been pending without trial is not unusual for this type of complex case, in which the death penalty was initially contemplated, and which involved voluminous discovery.

Although the Report recognizes that a lengthy incarceration could negatively impact Kent, it concludes that he has not carried his burden to show actual prejudice because, among other things, a prior mental health evaluation did not deem his symptoms to exceed what would be expected in a case like this.

The Report also concludes that Kent's claim under Rule 48(b)(3) fails because his rights under the STA or the Sixth Amendment have not been violated.

---

[4] Kent did not challenge the substance of the Covid-19 General Orders or argue that they should not apply here.

9

Kent objects to the Report on three grounds. First, he challenges the substance of the March 2018 Order, arguing that there are no findings of fact to support the entry of the order as to Kent. Second, he argues that the STA is violated *if* the March 2018 Order is disregarded and that the Report's analysis is incorrect for relying on that order. Third, he asserts that the delay here is "presumptively prejudicial" under the Sixth Amendment.

### B. Analysis

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any portion to which there is no objection under a "clearly erroneous" standard. *See also* Fed R. Crim. Pro. 59(b)(3).

A party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the

purposes of the Magistrates Act." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009).

Notably, "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).  Citing similar conclusions from sister circuits, the Eleventh Circuit has explained that "'requir[ing] a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court.'"  *Id*. Further, "'[s]ystemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.'" *Id*.

Here, Kent's first objection (relating to the substance of the March 2018 Order) concerns an argument that was not presented to the magistrate judge.  Kent did not raise the argument in his opening brief nor address it in his reply brief after the Government identified the order as a basis for denying his Motion to Dismiss.  Therefore, the magistrate judge did not have an opportunity to address the argument.  Kent cannot now object to the magistrate judge's recommendation

11

based on the argument he failed to raise of his own accord or address when the Government raised it. *Williams*, 557 F.3d at 1292. Accordingly, the Court will not consider Kent's first objection. The Court will conduct a *de novo* review of the Report as it relates to Kent's second and third objections.

Kent's second objection, which is based on the contention that the March 2018 Order is invalid as to Kent, is overruled because, as set forth above, the Court declines to reach this argument. The Court agrees with the Report that there is no STA violation given the excluded periods under the March 2018 Order and the Covid-19 General Orders.

The Court similarly finds that Kent's third objection, which argues that the delay in his case is "presumptively prejudicial," lacks merit. The case Kent cites in support of his argument that delays over one year are presumptively prejudicial (*Doggett v. United States*, 505 U.S. 647 (1992)) did not announce a bright line test for resolving this question and involved a delay of eight and a half years. Therefore, it does not support Kent's argument. Accordingly, Kent's third objection is overruled.

In sum, the Court agrees with the Report's analysis that the March 2018 Order and the Covid-19 General Orders tolled the speedy trial clock and that Kent has failed to carry his burden under *Barker* with respect to his Sixth Amendment

claim.  The record is clear that this is a complex case with voluminous discovery, and authority cited by both the Government and the Report indicates that the delay here is not outside the norm.  There is also insufficient evidence to support Kent's argument that the Government has not been diligent in handling this matter.  Kent's health issues simply do not present the type of prejudice that could outweigh these factors.

After due consideration of the Report and relevant filings, the Court **APPROVES** and **ADOPTS** the Report (ECF No. 354) as its opinion.  For the reasons stated therein, Kent's Amended Motion to Dismiss (ECF No. 240) is **DENIED**.

**SO ORDERED** this 22nd day of January, 2021.

_____
J. P. BOULEE
United States District Judge